IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL FRANKLYN BORDEN,

     Plaintiff,                        No. 2:10-cv-2435 KJN P

    vs.

R. GAUTIER, et al.,                  ORDER

     Defendants.

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. Plaintiff alleges claims for racketeering and conspiracy under 42 U.S.C. §§ 1983 and 1985, citing 18 U.S.C. §§ 1961, 1968 & 1964(c), malicious prosecution and illegal search and seizure. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). This action is proceeding on plaintiff's first amended complaint, filed August 2, 2010, filed as of right pursuant to Rule 15 of the Federal Rules of Civil Procedure. On September 20, 2010, plaintiff filed a declaration in which he consented to the jurisdiction of the undersigned for all further proceedings. See 28 U.S.C. § 636(c); Dkt. No. 18 at 3.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in, Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's amended complaint raises allegations against the City and County of Sacramento, Sacramento Police Department, Fire Investigators, Public Defender's Office,

1 "conflict criminal defenders," Sacramento District Attorney William Satchell, and fourteen
2 named individuals. Three of the individuals are attorneys in private practice; one of the named
3 individuals is the victim in the underlying criminal action.

4 Plaintiff names public defender Joseph Ramirez as a defendant. However,
5 plaintiff has alleged no facts demonstrating the public defender was acting under color of state
6 law when he represented plaintiff. See Miranda v. Clark County, Nevada, 319 F.3d 465, 468
7 (9th Cir. 2003) (en banc) (explaining that state public defender performing traditional lawyer
8 functions was not a state actor under section 1983). Defendant Ramirez should be dismissed.

9 Plaintiff includes a claim for malicious prosecution. A malicious prosecution
10 claim under § 1983 is based on state law elements. See Usher v. City of Los Angeles, 828 F.2d
11 556, 562 (9th Cir. 1987). In California, the malicious prosecution plaintiff must plead and prove
12 that the prior proceeding commenced by or at the direction of the alleged malicious prosecution
13 defendant, was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without
14 probable cause; and (3) initiated with malice. Villa v. Cole, 4 Cal.App.4th 1327, 1335, 6
15 Cal.Rptr.2d 644 (1992); Sagonowsky v. More, 64 Cal.App.4th 122, 128, 75 Cal.Rptr.2d 118
16 (1998). If a plaintiff cannot establish any one of these three elements, his malicious prosecution
17 action will fail. StaffPro, Inc. v. Elite Show Services, Inc., 136 Cal.App.4th 1392, 1398, 39
18 Cal.Rptr.3d 682 (2006).

19 With respect to the element of favorable termination, this element "requires a
20 termination reflecting the merits of the action and plaintiff's innocence of the misconduct."
21 Pattiz v. Minye, 61 Cal.App.4th 822, 826, 71 Cal.Rptr.2d 802 (1998). A termination is "not
22 necessarily favorable simply because the party prevailed in the prior proceeding; the termination
23 must relate to the merits of the action by reflecting either on the innocence of or lack of
24 responsibility for the misconduct alleged against him." Sagonowsky, 64 Cal.App.4th at 128, 75
25 Cal.Rptr.2d 118. "If the resolution of the underlying action leaves some doubt concerning
26 plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of

action for malicious prosecution." Pattiz, 61 Cal.App.4th at 826, 71 Cal.Rptr.2d 802. "It is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor." Sagonowsky, 64 Cal.App.4th at 128, 75 Cal.Rptr.2d 118; see Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004) (an individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence. A dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant.). "Favorable termination is an essential element of the tort of malicious prosecution, and it is strictly enforced." StaffPro, 136 Cal.App.4th at 1400, 39 Cal.Rptr.3d 682. The element of favorable termination in a malicious prosecution action is a legal question for the court to decide. Id. at 1398, 39 Cal.Rptr.3d 682.

Plaintiff has failed to allege the element of favorable termination. It does not appear that plaintiff can amend to allege this element. In People v. Borden, 07F04303, Sacramento County Superior Court, plaintiff was convicted of:

> simple battery ([Cal.] Pen. Code, § 243), criminal threats (§ 422), arson (§ 451, subd. (d)), and possession of an incendiary device (§ 453, subd. (a)). The court sustained allegations of four prior strikes and three prior serious felonies, and sentenced defendant to a prison term of 80 years to life.

People v. Borden, 2010 WL 2376893 (Cal.App. 3 Dist. 2010). On appeal, plaintiff's conviction was affirmed. Id. Because plaintiff cannot allege favorable termination, his malicious prosecution claim must be dismissed.

Finally, the gravamen of plaintiff's amended complaint is an effort to challenge his underlying criminal conviction as unconstitutional or illegally obtained. However, in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.  Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence.  Id.

        The allegations of plaintiff's amended complaint necessarily implicate his conviction.  Plaintiff alleges that defendants conspired to falsely charge and convict him.  Plaintiff has made no showing that his conviction has been invalidated.  And, as noted above, plaintiff's criminal conviction was affirmed on appeal.  People v. Borden, 2010 WL 2376893.  Therefore, because plaintiff cannot amend to demonstrate his conviction has been invalidated, this action is barred under Heck and must be dismissed.  The court will, however, dismiss the action without prejudice should plaintiff be able to demonstrate his conviction is invalidated in the future.

        Finally, to the extent plaintiff is attempting to challenge his underlying conviction and/or seeks release from prison based on the instant action, his claims are unavailing.  Plaintiff is informed that the proper mechanism for challenging a state criminal conviction is by writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[1] It appears plaintiff is in the process of challenging his state court conviction by way of collateral attack.  On November 24, 2009, plaintiff filed a petition for writ of habeas corpus in the Sacramento County Superior Court, Case No. 09F07736.  That petition was denied on December 3, 2009.  Superior Court of California, County of Sacramento, Court Index System, "https://services.saccourt.com/indexsearchnew/CaseNumberList.aspx?SearchValues=BORDEN, DANIEL,FRANKLYN,186663" (visited September 17, 2010).

On September 20, 2010, plaintiff filed a motion to waive the requirement he provide copies and serve defendants because he has been subject to prison lockdown. Plaintiff is advised that the Federal Rules of Civil Procedure and the court's Local Rules require these copies. Plaintiff may provide handwritten copies if access to a photocopy machine is not provided. Accordingly, plaintiff's motion will be denied.

On October 20, 2010, plaintiff filed a motion for summary judgment. In light of the above, plaintiff's motion will be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 20, 2010 motion (dkt. no. 18) is denied;

2. Plaintiff's October 20, 2010 motion (dkt. no. 22) is denied without prejudice; and

3. This action is dismissed without prejudice. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

DATED: October 21, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bord2435.56